# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 19, 2016

## STATE OF TENNESSEE v. AMILCAR CRABEAL BUTLER

**Appeal from the Criminal Court for Davidson County**
**No. 94-C-1854      Steve R. Dozier, Judge**

_____

**No. M2016-00789-CCA-R3-CD – Filed November 14, 2016**

_____

The Petitioner, Amilcar Crabeal Butler, appeals the trial court's dismissal of his motion to correct an illegal sentence. On appeal, the Petitioner asserts that the trial court's dismissal was improper because the trial court relied on *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), which the Petitioner argues was wrongly decided. After a thorough review of the record, we affirm the dismissal of the petition in accordance with Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Richard C. Strong, Nashville, Tennessee, for the appellant, Amilcar Crabeal Butler.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Glenn Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANUM OPINION

On May 19, 1995, the Petitioner pled guilty to two counts of the sale of over twenty-six grams of cocaine. He received a ten-year sentence for each conviction, to be served concurrently with each other and with another sentence for which he was already serving time. On April 20, 2015, the Petitioner filed a pro se motion to correct an illegal sentence, arguing that his two ten-year sentences were required by law to run consecutively to his prior sentence because they were committed while he was on bail

and that, thus, his sentences are illegal. *See* T.C.A. § 40-20-11(b). The trial court denied the motion without a hearing, finding the Petitioner's sentences had expired and that *State v. Brown* does not allow a petitioner to seek relief for an expired sentence under Tennessee Rule of Criminal Procedure 36.1. *See Brown*, 479 S.W.3d at 211. The Petitioner now appeals.

## ANALYSIS

On appeal, the Petitioner concedes that his sentences have expired but argues that the Tennessee Supreme Court wrongly decided *Brown* by holding that Rule 36.1 is inapplicable to expired sentences. He contends that the rule, which read in part "the defendant or state may, at any time, seek the correction of an illegal sentence," grants a petitioner the ability to file a Rule 36.1 motion whether her sentence is expired or not.[1]

This court and trial courts, however, are bound to follow the decisions of the Tennessee Supreme Court, including its interpretations of the Tennessee Rules of Criminal Procedure. In *Brown*, our supreme court held that "Rule 36.1 … does not authorize the correction of expired illegal sentences. Therefore, a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." 479 S.W.3d at 211. Accordingly, we hold that the trial court properly dismissed the Petitioner's Rule 36.1 motion.

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[1] Effective July 1, 2016, the "at any time" language upon which the Petitioner relies has been removed from the rule. This court reaches the same conclusion under both the original and amended rule.

2